UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Roderick Lewis, | |
| Plaintiff, | Civil No. 3:19-cv-02015 (JCH) |
| v. | |
| John Doe, et al., | March 8, 2021 |
| Defendants. | |

**RULING AND ORDER ON DISCOVERY MOTIONS [ECF NOS. 65, 77]**

The plaintiff, Roderick Lewis, has moved for an order compelling the defendants – the City of West Haven and several of its police officials – to produce documents responsive to nine requests for production. (ECF No. 65.) He has also filed a "motion for further relief," in which he asks the Court to enjoin the defendants from "destroying any more documents vital to the litigation of this case." (ECF No. 77, ¶ 19.) Judge Hall previously referred the case to the undersigned to handle all non-dispositive pretrial motions. (ECF No. 62.) For the reasons discussed in Section 2 below, Mr. Lewis's motion to compel is **GRANTED IN PART AND DENIED IN PART**. And for the reasons discussed in Section 3, his "motion for further relief" is **DENIED AS MOOT**.

1. **Factual Background**

Mr. Lewis is a prison inmate who is serving a fourteen-year sentence for a 2013 West Haven home invasion. (*See* 2d Am. Compl. Ex. B-1, ECF No. 15 at p. 161, ¶ 1e.) In 2016 he filed a petition for *habeas* relief in the Superior Court, claiming that his conviction was illegal in part because it was secured with the assistance of a West Haven "officer . . . that [he] had previously

sued for harassment." (*Id.* at *Id.* at p. 163, § 7.) He says that this "should have been a conflict of interest." (*Id.*)

Mr. Lewis's 2013 arrest and the earlier instance of alleged harassment were not his only interactions with West Haven police. Among other encounters, in 2006 he was arrested on home invasion and narcotics distribution charges. (*See* 2d Am. Compl. Ex. A, ECF No. 15 at p. 33.) In 2009 he was riding in a car that was stopped for a traffic violation by Det. Michael Wolf, and he claims that Det. Wolf assaulted him while searching for drugs. (Mot. for Further Relief Ex. L, ECF No. 77 at pp. 61-62.) In 2010, West Haven police arrested Mr. Lewis on charges of narcotics possession. (Mot. to Compel Ex. A, ECF 65-1 at p. 62.) And in 2011 he was apparently arrested on multiple occasions, once on an "assault on public safety official charge" and another time on a "domestic dispute/strangulation charge." (*Id.* at pp. 39, 52.)

To support his *habeas* petition – and, in particular, his claim that he was prosecuted by an officer who had it out for him – Mr. Lewis served document requests on the West Haven Police Department under the Freedom of Information Act ("FOIA"). (*E.g.,* 2d Am. Compl., ECF No. 15 at ¶ 13.) In several different requests served over a period of years, he asked the department to produce its public records relating to each of the above-referenced incidents. For example, he requested "[a] copy of the 2006 affidavit and warrent [sic] for [narcotics] sales charges" (2d Am. Compl. Ex. A1, ECF No. 15 at p. 40), and he also sought "a copy of the investigation report" from his 2009 encounter with Det. Wolf. (2d Am. Compl. Ex. A, ECF No. 15 at p. 33.) In addition, he requested "[a] copy of any disciplinary reports, reprimands, documented psych evaluations, [and] investigations into citizens [sic] complaints made against" Det. Wolf and a colleague, Det. William Oakley. (2d Am. Compl. Ex. A5, ECF No. 15 at p. 91.) He says that he sought these materials to

"show the character of these officers" in his *habeas* proceeding. (2d Am. Compl., ECF No. 15 at ¶ 30.)

Mr. Lewis claims that the department did not respond properly to his FOIA requests. For example, he alleges that "[t]he department failed to respond or even acknowledge" his May 8, 2019 request for Det. Wolf's and Det. Oakley's complaint and disciplinary records "in the allotted amount of time given under the acts [sic] guidelines." (*Id.* ¶ 16.) When he ultimately received a response in August 2019, the department claimed that "there are no records pertaining to disciplinary actions or complaints against Detectives Michael Wolf and William Oakley." (2d Am. Compl. Ex. A7, ECF No. 15 at p. 100.) Mr. Lewis says that he knows this to be untrue, because he himself had lodged a complaint against Officer Wolf. (*E.g.*, 2d Am. Compl., ECF No. 15 ¶ 60.)

When the department failed to produce all of the documents he expected it to produce, Mr. Lewis filed this lawsuit against the City of West Haven ("City") and several of its police officials. He alleged that he had been "unable to successfully proceed with [his] habeas claims . . . due to the defendants' interference and refusal to comply with [his] F.O.I.A. requests." (2d Am. Compl, ECF No. 15 ¶ 31.) He further claimed that the defendants' "interference and refusal" violated his constitutional rights, and he sought relief under 42 U.S.C. § 1983. (*Id.* at p. 1.)

After discovery opened, Mr. Lewis served requests for production of documents seeking many of the same documents he had sought but not received through FOIA. (ECF No. 35.) For example, he requested that the City produce its "Internal Affairs investigation, findings/reports, memos, notes, regarding [his] 2009 citizens complaint" against Det. Wolf. (*Id.* at p. 7, ¶ 3.) He also requested that the City produce "all investigations, memos, field notes, civilian police review board summarys [sic], independant [sic] investigator summary along with <u>ALL</u> citizens

3

complaints" against Det. Wolf. (*Id.* at p. 8, ¶ 10 (emphasis in original).) He served production requests on a records department sergeant, William Maruottolo, asking him to produce (among other things) an affidavit that had been prepared in the course of responding to his FOIA requests. (*Id.* at p. 17, ¶ 10.) And he served requests for production on "John Doe, Police Chief" as well. (*Id.* at pp. 10-15.)[1]  All in all, Mr. Lewis served 58 requests for production on the City, Sgt. Maruottolo and Chief Karajanis.

The defendants responded to Mr. Lewis's requests for production, and importantly, they did not object on lack-of-relevance, burden, lack-of-proportionality, or any other grounds. (Mot. to Compel Ex. A, ECF No. 65-1 at pp. 37-40 (Sgt. Maruottolo), 48-52 (police chief),[2] 61-64 (City).) Rather, the defendants said that all responsive documents would "be produced pursuant to [their] continuing duty to disclose" (*e.g.*, *id.* at p. 62, ¶ 8), except for those requests as to which they could not "locate any responsive documents." (*E.g.*, *id.* at pp. 61-62, ¶¶ 3-4.) They produced documents on September 10 and December 18, 2020 (ECF No. 71, at 1-3), and they claim that between these two productions, they have provided "all non-privileged documents responsive to the plaintiff's requests that were known to be in the possession of the defendants and available to be produced at that time." (*Id.* at 3.)

Mr. Lewis does not believe the defendants' claim to have made a complete production, and accordingly he filed the two motions that are currently before the Court. First, he filed a handwritten motion to compel, seeking an order compelling compliance with nine specific requests

---

[1]  At the time he served his discovery requests, Mr. Lewis apparently did not know who had been serving as West Haven police chief at the time of his FOIA requests. The City has since identified that person as Chief John Karajanis. (ECF No. 49.)

[2]  Curiously, although the city had identified Chief Karajanis as the relevant police chief (ECF No. 49), and although Chief Karajanis is now a named defendant in the case (*see* ECF No. 64), these requests for production were responded to by the current chief, Joseph Perno. (ECF No. 65-1, at 54.)

4

for production.³  (ECF No. 65, ¶¶ 17-20, 23.)  Second, he filed a "motion for further relief," seeking a "preliminary injunction preventing the defendants from destroying any more documents."  (ECF No. 77, ¶ 19.)

---

³     The nine requests, and the defendants' responses to them, are reproduced here with spelling, capitalization *etc.* as in the original:

- Request No. 3 to City: "Produce Internal Affairs investigation, findings/reports, memos, notes regarding the plaintiff's 2009 citizen's complaint made against West Haven Police Department's Officer Michael Wolf."  City's answer:  "Defendant cannot locate any responsive documents."  (ECF No. 65-1, at p. 61, ¶ 3.)

- Request No. 4 to City: "Produce independent investigator findings/reports, memos, notes summary regarding the plaintiff's 2009 citizens complaint made against West Haven Police Department's officer Michael Wolf."  City's answer:  "Defendant cannot locate any responsive documents."  (*Id.* at pp. 61-62, ¶ 4.)

- Request No. 8 to City:  "Produce all incident reports, police reports, statements, field notes, memorandums, investigations, created in response to plaintiff's charge of narcotics possession in 2010."  City's answer:  "If they exist, they will be produced pursuant to our continuing duty to disclose."  (*Id.* at p. 62, ¶ 8.)  City's supplemental answer:  "West Haven Police Department is no longer in custody of these documents.  We have reached out to the clerk's office at Geographical Area 22 at Milford, and they have informed us that this information is not disclosable."  (ECF No. 77, at p. 12, ¶ 8.)

- Request No. 9 to City:  "Produce all incident reports, police reports, statements, field notes, memorandums, investigations, created in response to plaintiff's charge of Home Invasion dated 12/17/13 case no. 2013046299."  City's answer:  "If they exist, they will be produced pursuant to our continuing duty to disclose."  (ECF No. 65-1, at p. 62, ¶ 9.)  City's supplemental answer:  "Please see attached."  (ECF No. 77, at p. 12, ¶ 9.)

- Request No. 10 to City:  "Produce all investigations, memos, field notes, civilian police review board, summarys [sic], independant [sic] investigator summary along with <u>ALL</u> citizens complaints made against Michael Wolf."  City's answer:  "Defendant cannot locate any responsive documents."  (ECF No. 65-1, at pp. 62-63, ¶ 10.)

- Request No. 10 to Sgt. Maruottolo:  "Produce affidavit certifying your 10/22/19 search associated with plaintiff's request regarding FIC 2019-0342 documents."  Sergeant's answer:  "To date, I have not been able to locate this document, but will produce the same pursuant to my continuing duty to disclose."  (*Id.* at p. 38, ¶ 10.)

- Request No. 17 to Sgt. Maruottolo:  "Produce incident reports/supplemental reports, incident reports, field notes, memorandums, statements, investigations, created in response to the 2011 assault on public safety official charge against the plaintiff Roderick Lewis."  Sergeant's answer: "See attached."  (*Id.* at p. 39, ¶ 17.)

- Request No. 1 to John Doe Police Chief:  "Produce the independant [sic] investigation summary report to the 2013 citizen's complaint made against officer J. Healey."  Chief Perno's answer:  "Unable to locate any responsive documents."  (*Id.* at p. 48, ¶ 1.)  [Footnote cont'd next page.]

The defendants opposed both motions (ECF Nos. 71, 80), and again they did not contend that the discovery Mr. Lewis seeks is irrelevant, unduly burdensome, or oppressive.[4] Instead, they simply say that they have made a complete production. (ECF No. 71, at pp. 3, 5; ECF No. 80, at p. 1.) They have filed affidavits from Sgt. Maruottolo and Chief Perno, claiming that after a "thorough search," the defendants have "provided all applicable documents that are responsive to" the nine requests "and available therein." (ECF Nos. 71-1, 71-2.) Mr. Lewis has filed a reply in support of his motion to compel (ECF No. 74), and his time for filing a reply in support of his "motion for further relief" has expired. D. Conn. L. Civ. R. 7(d) (replies to be filed within fourteen days). The Court heard oral argument on February 25, 2021 (ECF No. 90), and the two motions are ripe for decision. Additional facts relevant to the Court's decision will be set forth below.

## 2. Motion to Compel, ECF No. 65

Mr. Lewis's motion to compel presents a frequently encountered scenario. A plaintiff serves document production requests on a defendant. The defendant then produces some responsive documents, but says that it cannot locate others. The plaintiff disbelieves the defendant's claim of a complete production, and moves for an order compelling the defendant to produce documents that it says it cannot produce.

Courts often deny such motions when the responding party certifies that it has conducted a diligent search and has produced all extant documents responsive to the other party's requests.

---

- Request No. 24 to John Doe Police Chief: "Produce incident reports/supplemental reports, incident reports, field notes, memorandums, statements, investigations created in response to the 2011 domestic dispute/strangulation charge on plaintiff Roderick Lewis along with the bomb squad dispatch report and any unmentioned documentation pertaining to the case." Chief Perno's answer: "Please see attached." (*Id.* at p. 52, ¶ 24.)

[4] The defendants do say that they have found it difficult to keep up with Mr. Lewis's many discovery and FOIA requests during the COVID-19 pandemic. (ECF No. 71, at 4.) But they say this in the context of asking the Court to disregard his claims of "intentional stonewalling." (*Id.*) They have not asserted undue burden or expense as a defense to any discovery request.

"Under ordinary circumstances, a party's good faith averment that the items sought simply do not exist, or are not in his possession, custody, or control, should resolve the issue of failure of production since one 'cannot be required to produce the impossible . . . .'" *Zervos v. S.S. Sam Houston*, 79 F.R.D. 593, 595 (S.D.N.Y. 1978) (quoting *La Chemise Lacoste v. Alligator Co.*, 60 F.R.D. 164, 172 (D. Del. 1973); *accord Mason Tenders Dist. Council of Greater N.Y. v. Phase Constr. Servs.*, 318 F.R.D. 28, 42 (S.D.N.Y. 2016); *Menard v. Chrysler Grp. LLC*, No. 14-Civ.-6325 (VB), 2015 WL 5472724, at *3 (S.D.N.Y. July 2, 2015). In this case, the West Haven Police Department records officer, Sergeant Maruottolo, has stated under oath that he "performed a thorough search for the documentation responsive to" the nine requests at issue, and "as of the date of this affidavit ha[s] provided all applicable documents that are responsive and available therein." (ECF No. 71-1, at ¶ 4.) The defendants have also filed an affidavit from Chief Perno, in which the chief states that he "instructed [his] staff to perform a thorough search for any responsive documentation," and that his staff has informed him that they conducted a thorough search and provided all of the responsive documents that they uncovered. (ECF No. 71-2, at ¶¶ 3, 4.) Ordinarily, these affidavits would "resolve the issue of failure of production" and counsel denial of Mr. Lewis's motion in its entirety. *See, e.g., Peterson v. Johnson*, No. 9:10-cv-0026 (FJS/DEP), 2011 WL 7640124, at *3 (N.D.N.Y. Aug. 3, 2011) (noting that the court had denied the plaintiff's earlier motion to compel production of a prison video because defense counsel represented that the video did not exist, and the plaintiff "offered nothing to show that defense counsel's statement is untrue, or that such a videotape does exist"); *cf. Margel v. E.G.L. Gem Lab Ltd.*, No. 04-Civ. 1514 (PAC/HBP), 2008 WL 2224288, at *3 (S.D.N.Y. May 29, 2008) ("Since defendants do not

cite any specific evidence impugning plaintiff's assertions that their production is complete, there is no basis for a finding of misconduct on the part of the plaintiffs or an award of sanctions.").

Yet this principle has been held not to apply when the requesting party has a strong reason for disbelieving the responding party's claim to have made a complete production – in other words, a reason backed up by solid evidence rather than mere suspicion. While "[l]itigants commonly suspect that they are not getting all the documents they have requested and that an adversary is holding something back," *Margel*, 2008 WL 2224288 at *3, and while such suspicions, on their own, do not ordinarily support the entry of discovery orders against the responding party, *id.*, a different analysis applies when the requesting party "identifie[s] specific evidence to call into question [the responding party's] contention that no further responsive documents exist." *Mason Tenders*, 318 F.R.D. at 42-43. In *Mason Tenders* the plaintiffs suspected that the defendants had not produced all documents responsive to their requests, and they supported their suspicions with deposition testimony from the defendants' CEO, in which the CEO "claimed that documents may exist at locations other than" the one that had been searched. *Id.* at 43. Because the plaintiffs had "cited to specific evidence that challenge[d] Defendants' blanket assertion that no additional documents exist, the burden . . . shift[ed] to Defendants to show *specifically* where they [had] searched and why these documents [were] not, in fact, within their custody, possession, or control." *Id.* (emphasis in original). And because the defendants had not made that showing, the court granted the motion to compel and ordered them to either "produce all relevant documents" or "explain specifically what efforts were undertaken to find relevant documents and why relevant documents do not exist, if in fact, that is the case." *Id.*

In this case, Mr. Lewis claims to have strong, evidence-backed reasons for believing that the defendants' production is incomplete. He has obtained a copy of the records retention and

8

destruction policy applicable to municipal public safety agencies like the West Haven Police Department (Mot. to Compel Ex. B, ECF No. 65-2 at pp. 16-33; Mot. for Further Relief Ex. D, ECF No. 77 at pp. 18-36), and he notes that under that policy, certain documents encompassed by his discovery requests should not yet have been destroyed. (*See* ECF No. 77, at p. 2, ¶ 5 and Ex. D, at pp. 18-36.) Moreover, he contends that "all documents have a chain of custody/release documentation until the documents are ultimately destroyed" (*id.* at p. 1, ¶ 4; *see also* Ex. C to ECF 77, at pp. 16-17) – in other words, he says that if the defendants had destroyed the documents they now say they cannot find, it would have left a paper trail – and he asserts that the defendants have never produced that paper trail. And since the defendants have never confirmed the destruction of the documents, he infers that those documents must still exist.[5]

In response, the defendants do not dispute that Mr. Lewis's exhibit is indeed the applicable retention/destruction policy. (*See generally* ECF No. 80.) They also do not dispute that if they had destroyed responsive documents, the destruction would have left a trail – nor do they claim to have produced the documents constituting such a trail. Instead, they say that he is "misinterpreting the documents he has submitted." (*Id.* at 1.) They point out that one ten-year destruction schedule runs from the date of the incident report, not from the date of disposition as he had alleged. (*Id.* at 1-2.)

Having reviewed the nine requests together with the retention/destruction policy, the Court concludes that Mr. Lewis has come forward with "specific evidence to call into question [the responding party's] contention that no further responsive documents exist" with respect to four of

---

[5] Mr. Lewis raised some of these issues in his motion for further relief, not in his initial or reply brief in support of his motion to compel. But the defendants have not asked the Court to disregard them on account of that procedural irregularity, and the Court would be disinclined to do so in any event. *See, e.g., Tracy v. Freshwater*, 623 F.3d 90, 101-102 (2d Cir. 2010) ("It is well established that a court is ordinarily obligated to afford a special solicitude to pro se litigants. . . . The solicitude . . . most often consists of liberal construction of pleadings, motion papers and appellate briefs.").

the nine. *Mason Tenders*, 318 F.R.D. at 42-43. Request No. 8 to the City inquired after investigative materials from his 2010 drug arrest, and these records are subject to a ten-year destruction schedule. (Mot. to Compel Ex. B, ECF No. 65-2 at p. 26 (stating that case investigation records from non-fatal cases are to be retained for a minimum of "10 years from date reported").)[6] They therefore still should have been in existence at the time the defendants' document preservation obligation attached, and moreover the defendants have not documented their destruction as they have done with some other, earlier documents. (*See* Mot. for Further Relief Ex. C, ECF No. 77 at p. 16 (documenting destruction of case incident reports from 2005-2006, presumably including reports of Mr. Lewis's 2006 arrest on home invasion charges).) Similarly, Request No. 17 to Sgt. Maruottolo and Request No. 24 to Chief Karajanis both inquired after investigative materials from Mr. Lewis's 2011 arrests, and under the applicable ten-year retention schedule they still should have existed when he served his production requests in June 2020. (*See* Mot. to Compel Ex. B, ECF No. 65-2 at p. 26.) And Request No. 9 to the City inquired after investigative materials from Mr. Lewis's 2013 home invasion arrest – materials that, under the retention/destruction policy, should not be subject to destruction until 2023. (*Id.*)

Conversely, Mr. Lewis has not come forward with anything beyond mere suspicion with respect to the other five requests. Requests 3 and 4 to the City sought investigative materials that the police department prepared in the course of investigating his 2009 misconduct complaint against Officer Wolf, but the record before the Court suggests that any such documents would

---

[6] At oral argument, the defendants contended that these documents may have been subject to a three-year destruction schedule if Mr. Lewis's 2010 drug offense was only an infraction. (*See* Mot. to Compel Ex. B, ECF No. 65-2 at p. 29 (stating that the minimum retention period for "infractions/violations" is "3 years from date issued").) They acknowledged, however, that this was just speculation on their part. When asked straight-up whether records of the 2010 drug arrest would still have been in existence when their document preservation obligation attached, their counsel conceded that "they could have been." (FTR Recording of Oral Arg., Feb. 25, 2021.)

have been subject to destruction years before his lawsuit or FOIA requests. The retention/destruction policy says that investigations into "unsubstantiated" citizen complaints are retained for the "[c]urrent year plus 2 years" (Mot. to Compel Ex. B, ECF No. 65-2 at p. 32) – in other words, records of an investigation into an "unsubstantiated" 2009 complaint would have been retained in 2009, 2010 and 2011, and become subject to destruction in 2012 – and the record discloses that the department regarded Mr. Lewis's complaint as unsubstantiated. (Mot. for Further Relief Ex. I, ECF No. 77 at p. 54 (internal department memorandum characterizing complaint as "not sustainable").). Request 10 to the City sought production of investigative materials relating to other citizens' complaints against Officer Wolf, but the only such complaints that Mr. Lewis identifies are likewise from 2009 (Mot. for Further Relief Ex. H, ECF No. 77 at p. 44); he has provided no reason to suppose that responsive, previously unproduced documents still existed in 2020. Similarly, Request No. 1 to Chief Karajanis sought investigative materials from a 2013 citizen's complaint against an Officer Healey; but here too, Mr. Lewis has not provided any evidence-backed reason to believe that responsive documents remained to be produced in 2020. Finally, his Request No. 10 to Sergeant Maruottolo sought production of an affidavit that the sergeant completed when responding to one of his FOIA requests, but the Court is unable to locate any provision of the retention/destruction policy that required retention of this document into 2020, nor has Mr. Lewis pointed to any.[7] For the foregoing reasons, Mr. Lewis's motion to compel will be granted with respect to Requests Nos. 8 and 9 to the City, Request No. 17 to Sgt. Maruottolo and Request No. 24 to Chief Karajanis, but denied with respect to Request Nos. 3, 4 and 10 to the City, Request No. 10 to Sgt. Maruottolo and Request No. 1 to Chief Karajanis.

---

[7] As the defendants pointed out at oral argument, while the West Haven Police Department appears not to have retained a copy of this affidavit, Mr. Lewis may be able to obtain it by writing a letter to the FOI Commission. (FTR Recording of Oral Arg., Feb. 25, 2021.)

### 3. "Motion for Further Relief," ECF No. 77

In his "motion for further relief," Mr. Lewis asks the Court to issue an order enjoining the defendants from destroying any more documents relevant to his case. (ECF No. 77, at p. 1 ¶ 1 ("The Plaintiff is requesting for the court to . . . [issue] a preliminary injunction upon the belief that the defendants are continually destroying documents relevant to the litigation of this case.").) Yet as the Court explained during oral argument, the defendants are already under an obligation not to destroy relevant documents. *See, e.g., ComLab, Corp. v. Kal Tire*, 815 F. App'x 597, 600 (2d Cir. 2020) (summary order) (holding that a party has a duty to preserve evidence that attaches "when it 'has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation'" (quoting *Fujitsu Ltd. v. Fed. Exp. Corp.*, 247 F.3d 423, 436 (2d Cir. 2001)); *see also West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999). Moreover, defendants' counsel confirmed at oral argument that he had informed his clients of their document preservation obligations. (FTR Recording of Oral Arg., Feb. 25, 2021 (confirming that counsel had "specifically told the records sergeant" and others "not to destroy any documents").) Under these circumstances, there is no need for an injunction, and Mr. Lewis's "motion for further relief" is accordingly denied as moot.

### 4. Conclusion and Order

For the foregoing reasons, the motion to compel of the plaintiff, Roderick Lewis (ECF No. 65), is **GRANTED IN PART AND DENIED IN PART.** The motion is granted to the extent that:

- The City of West Haven is **ORDERED to** produce all heretofore-unproduced, non-privileged documents[8] that are responsive to Requests for Production Nos. 8 and 9 by March 22, 2021;

- Sgt. William Maruottolo is **ORDERED** to produce all heretofore-unproduced, non-privileged documents that are responsive to Request for Production No. 17 by March 22, 2021; and

- Chief John Karajanis is **ORDERED** to produce all heretofore-unproduced, non-privileged documents that are responsive to Request for Production No. 24 by March 22, 2021.

If, after conducting an additional, diligent search, any of these three defendants contend that no additional documents are available to be produced with respect to a particular request identified above, such defendant is **ORDERED** to serve upon Mr. Lewis and file on the docket a sworn declaration "explain[ing] specifically what efforts were undertaken to find relevant documents and why relevant documents do not exist, if in fact, that is the case." *Mason Tenders,* 318 F.R.D. at 43. The declaration shall be made by a person having personal knowledge of the search, and shall be served and filed on or before March 22, 2021. Mr. Lewis's motion to compel is denied in all other respects. His motion for further relief (ECF No. 77) is **DENIED AS MOOT**.

This is not a recommended ruling. It is a ruling by a Magistrate Judge on a "nondispositive motion[] . . . relating to discovery," D. Conn. L. Civ. R. 72.1(C)(2), and as such it is reviewable pursuant to the "clearly erroneous" statutory standard of review. *See* 28 U.S.C. § 636(b)(1)(A);

---

[8] If any defendant withholds a responsive document on grounds of attorney-client privilege or work product protection, it shall serve a Local Rule 26(e)-compliant privilege log on Mr. Lewis by March 22, 2021. Any privilege claim not logged by that date may be deemed waived. *See Horace Mann Ins. Co. v. Nationwide Mut. Ins. Co.*, 240 F.R.D. 44, 47 (D. Conn. 2007) (holding that a party can waive attorney-client privileges and work product protections by failing to serve a log "with the objection or within a reasonable time thereafter").

Fed. R. Civ. P. 72(a); D. Conn. L. Civ. R. 72.2(b).  It is an order of the Court unless reversed or modified upon timely objection under Local Rule 72.2(a).

So ordered this 8th day of March, 2021, at Hartford, Connecticut.

*/s/ Thomas O. Farrish*
Hon. Thomas O. Farrish
United States Magistrate Judge